UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
DAVID MUNIZ,                                                     NOT FOR PUBLICATION

                           Plaintiff,                          ORDER

   -against-                                                              07-CV-1945 (CBA)

MICHAEL J. ASTRUE, COMMISSIONER OF,
SOCIAL SECURITY

                           Defendant.
------------------------------------------------------------X
AMON, United States District Judge.

      Plaintiff David Muniz, proceeding *pro se*, seeks review of an adverse determination by an administrative law judge ("ALJ") denying his application for supplemental security income under Title XVI of the Social Security Act. The defendant has moved to dismiss the claim. For the reasons stated below, defendant's motion is granted.

**I.    Background**

      Plaintiff filed his claim for benefits with the Commissioner of Social Security (the "Commissioner") on July 28, 2005. Thereafter, on March 6, 2007, ALJ Leonard E. Yoswein issued an unfavorable decision denying plaintiff's application for benefits. On March 21, 2007, the Appeals Council received correspondence from plaintiff, consisting of a copy of the first page of the ALJ's decision, on which plaintiff had written: "I am requesting a fair hearing. I disagree with the decision and want an appeal." Apparently, this has been construed by the Appeals Council as a request for review of the ALJ's unfavorable decision, but no action has been taken in response.

      On May 7, 2007, without having received a response from the Appeals Council, plaintiff filed the instant action in this Court, using the form complaint typically provided to a *pro se* social security claimant. Therein, in the spaces where plaintiff was required to provide the dates

of the Appeals Council's action on his request for review and the date on which he was notified of that action, plaintiff appears to have written the date of the ALJ's decision and the date on which he received the ALJ's decision. On September 7, 2007, defendant advised the Court that he had served his motion to dismiss on the plaintiff. Approximately two months later, and after plaintiff's time to oppose the motion had expired, defendant filed it unopposed. Though plaintiff's time had lapsed, the Court issued an order providing him additional time within which to oppose defendant's motion–until December 19, 2007. That date has now passed, and plaintiff still has not filed opposition papers or otherwise responded to either the motion or to the Court's orders.[1]

## II.     Discussion

Defendant seeks dismissal on the ground that plaintiff failed to exhaust his administrative remedies because he filed suit without first receiving a "final decision" from the Commissioner. The Social Security Act provides that "[a]ny individual, after any final decision of the Commissioner of Social Security made after a hearing to which he was a party, ... may obtain a review of such decision by a civil action" in federal district court. 42 U.S.C. § 405(g); see also Sims v. Apfel, 530 U.S. 103, 106 (2000). The Act further provides that "[n]o findings of fact or decision of the Commissioner of Social Security shall be reviewed by any person, tribunal, or government agency" except as provided in section 405(g). 42 U.S.C. § 405(h). Accordingly, where a claimant has not received a "final decision" from the Commissioner, his claim for benefits is unexhausted and a federal district court is without subject matter jurisdiction to review it. See Smith v. Schweiker, 709 F.2d 777, 780 (2d Cir. 1983); Maldonado v. Comm'r of

---

[1] In fact, it appears that plaintiff has not filed anything or otherwise participated in this litigation since filing the complaint.

Soc. Sec., No. 03-CV-681S, 2004 WL 1197356, at *1 (W.D.N.Y. May 28, 2004) ("It is well-settled that judicial review of Social Security benefits determinations is limited to final decisions of the Commissioner made after a hearing, that available administrative procedures must be exhausted and that a final decision is a prerequisite for subject matter jurisdiction in the District Court." (internal quotations omitted)).

However, the Social Security Act does not define the term "final decision". Rather, it leaves the task of more precisely defining the term to the Commissioner through appropriate regulations. See Sims, 530 U.S. at 106 (citing 42 U.S.C. § 405(a) and Weinberger v. Salfi, 422 U.S. 749, 766 (1975)); Maldonado, 2004 WL 1197356, at *1. The Commissioner has set up a multi-step regulatory process through which one must proceed in order to obtain a "final decision" within the meaning of section 405(g):

> [A]n individual claiming that he or she is entitled to Social Security Disability benefits first receives an initial determination. 20 C.F.R. § 404.902, § 416.1402. The claimant may seek review of the initial determination by requesting a hearing before an ALJ. 20 C.F.R. § 404.929, § 416.1429. If the ALJ renders a decision unfavorable to the claimant, he or she may ask the Appeals Council to review the ALJ's decision. 20 C.F.R. § 404.967, § 416.1467. Thereafter, the Appeals Council either denies the request for review or grants the request and issues its own decision. 20 C.F.R. § 404.981, § 416.1481. The Commissioner's decision does not become "final" until the Appeals Council takes one of those two actions. 20 C.F.R. § 404.981, § 416.1481. Once the Commissioner has rendered the final decision, the claimant may seek judicial review by filing an action in federal district court. 20 C.F.R. § 404.981, § 416.1481, § 422.210.

Maldonado, 2004 WL 1197356, at *2; see also Sims, 530 U.S. at 106-07. Accordingly, because the Appeals Council has neither denied plaintiff's request for review (thereby rendering the ALJ's decision the "final decision" of the Commissioner) nor issued its own final decision, plaintiff's claim is unexhausted.

However, "[w]hile Section 405(g) embodies an explicit exhaustion requirement, that

3

requirement has been held to contain what has been called a non-waiveable and a waiveable element." Smith, 709 F.2d at 780 (citing Matthews v. Eldridge, 424 U.S. 319, 330 (1975)). Accordingly, failure to exhaust may not be waived where a plaintiff presents no claim whatsoever to the Commissioner. Id. However, the requirement that the claim be fully exhausted can be waived, either expressly or implicitly. Id. "A waiver of the exhaustion requirement may be inferred where the plaintiff's legal claims are collateral to their demand for benefits, where exhaustion would be a *pro forma* or futile gesture, or where the harm suffered in the interim would be irreparable in the sense that no *post hoc* relief would be adequate."[2] Id. (citing Matthews, 424 U.S. at 330-31); see also Maloney v. Soc. Sec. Admin., No. 02-CV-1725, 2006 WL 1720399 at *5 (E.D.N.Y. June 19, 2006). None of these criteria are met in this case, and plaintiff's failure to fully exhaust is therefore fatal to his claim. See Maldonado, 2004 WL 1197356, at *1-3 (finding no waiver where claimant received a decision from an ALJ but filed suit in district court without seeking review by the Appeals Council).

**III.    Conclusion**

---

[2]In addition to the implied waiver discussed herein, the Commissioner can expressly waive a particular claimant's failure to completely exhaust. See Maldonado, 2004 WL 1197356 at *2 (citing Matthews v. Chater, 891 F. Supp. 186, 188 (S.D.N.Y. 1995). Here, the Commissioner argues in favor of dismissal for failure to exhaust.

Because plaintiff's claim is unexhausted, and because there has been no demonstration of an implied waiver by the Commissioner, the defendant's motion to dismiss is granted and plaintiff's claim is dismissed. The clerk of the court is directed to enter judgment and to close this case.

        SO ORDERED.

Dated: Brooklyn, New York
       December 27, 2007

                                            CAROL BAGLEY AMON
                                            United States District Judge